IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| VICKI TEAL,<br>    *Plaintiff*,<br><br>v.<br><br>KOCH INDUSTRIES, INC., and<br>GEORGIA-PACIFIC WOOD PRODUCTS LLC,<br>    *Defendants*. | Civil Action No. 9:23-cv-00079<br><br>JURY TRIAL DEMANDED |

## **PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Vicki Teal ("Plaintiff" or "Teal") now files this Complaint against Defendants Koch Industries, Inc. ("Koch") and Georgia-Pacific Wood Products LLC ("Georgia-Pacific") (collectively "Defendants"). In support, Plaintiff states as follows:

### PARTIES

1. Plaintiff Vicki Teal is a citizen of the United States and a resident of Lufkin, Texas.

2. Defendant Koch Industries, Inc. is an entity authorized to transact business in the state of Texas. It may also be served with process through its registered agent for service of process, United Agent Group Inc., located at 5444 Westheimer #1000, Houston, Texas 77056 or as may otherwise be permitted under Rule 4 of the Federal Rules of Civil Procedure and/or the Texas long-arm statute.

3. Defendant Georgia-Pacific Wood Products LLC is an entity authorized to transact business in the state of Texas. It may be served with process through its registered agent for service of process, United Agent Group Inc., located at 5444 Westheimer #1000, Houston, Texas 77056 or as may otherwise be permitted under Rule 4 of the Federal Rules of Civil Procedure and/or the Texas long-arm statute.

4. Koch and Georgia-Pacific are joint employers.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the claims described in this Complaint pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law.

6. The Court has subject matter jurisdiction over Plaintiff's claims under the Texas Commission on Human Rights Act ("TCHRA") pursuant to 28 U.S.C. § 1367.

7. This Court has personal jurisdiction over Defendants because they have continuously and systematically performed a substantial amount of business within the state of Texas and, moreover, are being sued herein for illegal conduct against the Plaintiff that occurred within the state of Texas. Accordingly, this Court has both general and specific jurisdiction over the Defendants.

8. Venue is proper in the United States District Court for the Eastern District of Texas pursuant to 42 U.S.C. § 2000e-5(f)(3) because all or part of the unlawful employment practices committed by the Defendants occurred in this district.

## FACTS

9. Teal began working at Georgia-Pacific's Diboll, Texas location on or around March 29, 1995.

10. Teal worked as a Utility for Defendants until her termination.

11. On or around January 15, 2021, Teal was injured on the job at Defendants, hurting her back and her knee.

12. After Plaintiff's injury on the job at Defendants, she was placed on intermittent Family Medical Act ("FMLA") leave.

13. To date, Teal still has back and knee issues that substantially impair one or more major life activities, qualifying her as having a disability. At the very least, Defendants perceived

Teal to be disabled after the time she was injured on the job.

14. Teal asked for accommodation on a regular basis in the form of light duty, even though she could still do her job as a Utility. However, the safety manager, Mike Watson, and a Human Resources representative named Cathy Dover repeatedly told Teal there was no light duty to be had.

15. Even though she was told there was no light duty, Teal observed other employees at Defendants like Gabriel Bass and an employee named Gino (whose last name is unknown) being put on light duty like Teal asked to be.

16. Teal also noticed that after she began asking for accommodations and taking FMLA leave, Defendants began treating her differently and retaliating against her. For example, Teal was the only female working at the Diboll lumber mill, and the employees would lock the women's bathroom in the plant, forcing Teal to walk ten to fifteen minutes to another location to use the bathroom.

17. As another example of retaliation against Teal for asking for accommodation and initiating FMLA leave after her injury on the job, on or around February 1, 2021, Tony Rios and Randy Havard gave her negative performance reviews.

18. As another example of retaliation against Teal for asking for accommodation and initiating FMLA leave after her injury on the job, on June 4, 2021, Teal's supervisor, Tony Rios, followed Teal in her car and was filming her on his cell phone while she was driving home from Diboll to Lufkin to intimidate or upset her for asking for accommodations and dealing with the injuries that happened to her on the job.

19. After 27 years of loyalty, Defendants terminated Teal on January 28, 2022, while she was on FMLA leave.

20. Plaintiff was told that she had until April 12, 2022, to be on medical leave. However, the day that Teal was fired, she called and spoke to a representative named Susan H. (whose full last name is unknown) of the insurance company working with Defendants on her leave. Susan H. returned Teal's call on February 5, 2022, at 8:40 am, and when asked about why Teal was terminated, she stated that "the company just didn't want to fool with [Teal] anymore." This comment related directly to Teal taking FMLA leave and being disabled (or perceived as disabled, at the very least, by Defendants) after her injury on the job.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

21. On February 24, 2022, Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission Civil Rights Division.

22. The EEOC issued Plaintiff a Right to Sue letter on or about January 31, 2023.

23. This lawsuit has been filed within 90 days of the EEOC's issuance of that Notice. Consequently, this lawsuit has been filed within 90 days of Plaintiff's receipt of that Notice.

24. The Texas Workforce Commission has never issued Plaintiff a right to sue letter, but her charge has been on file for more than 180 days as of the date of this lawsuit's filing.

25. Based on the foregoing, Plaintiff has exhausted all administrative remedies required by the Americans with Disabilities Act ("ADA") and/or the Texas Commission on Human Rights Act ("TCHRA").

## FIRST CAUSE OF ACTION (DISABILITY DISCRIMINATION)

26. Plaintiff incorporates each of the foregoing allegations as if fully set forth herein.

27. Plaintiff is a qualified individual with a disability.

28. Pleading in the alternative, Plaintiff was perceived to be disabled by Defendants.

29. Plaintiff put Defendants on notice that she was disabled.

30. Defendants failed to engage in the interactive process of accommodating Plaintiff through light duty or other reasonable means besides placing her on FMLA leave.

31. Defendants took adverse employment action against Plaintiff for her disabilities, or, at the very least, because Defendants perceived Plaintiff to be disabled.

32. Such conduct violates the ADA and TCHRA.

33. Defendants acted with malice and/or reckless disregard for Plaintiff's statutorily-protected rights. An award of exemplary damages is therefore warranted.

## SECOND CAUSE OF ACTION (ADA RETALIATION)

34. Plaintiff incorporates each of the foregoing allegations as if fully set forth herein.

35. Plaintiff engaged in a protected activity by asking for accommodations in the form of light duty.

36. Defendants took a materially adverse employment action against Plaintiff by giving her bad performance reviews, following her outside of work, and ultimately terminating her.

37. A causal connection between Plaintiff's termination and her ADA-protected activity exists.

## THIRD CAUSE OF ACTION (FMLA INTERFERENCE)

38. Plaintiff incorporates each of the foregoing allegations as if fully set forth herein.

39. Koch is an "employer" under the Family Medical Leave Act.

40. Georgia-Pacific is an "employer" under the Family Medical Leave Act.

41. Plaintiff was eligible to take FMLA leave.

42. Plaintiff provided Defendants with notice of her intention to take leave from work.

43. Defendants denied Plaintiff's FMLA benefits and restrained her rights by failing to provide her proper notice of eligibility and failing to properly deduct leave in relation to her short-term disability benefits, vacation time, and/or long-term disability benefits.

44. Pleading in the alternative, Defendants further interfered with Plaintiff's FMLA rights by misleading her and causing her to miss one or more critical FMLA deadlines.

45. Defendants' interference prejudiced Plaintiff.

46. Defendants' conduct violates the FMLA.

### FOURTH CAUSE OF ACTION (FMLA RETALIATION)

47. Plaintiff incorporates each of the foregoing allegations as if fully set forth herein.

48. Plaintiff engaged in a protected activity by initiating and taking FMLA leave.

49. Defendants took a materially adverse employment action against Plaintiff by giving her bad performance reviews, following her outside of work, and ultimately terminating her.

50. A causal connection between Plaintiff's termination and her FMLA-protected activity exists.

### FMLA LIQUIDATED DAMAGES

51. Plaintiff seeks an award of liquidated damages under the FMLA.

### ATTORNEY FEES

52. If Plaintiff prevails, she is entitled to an award of reasonable and necessary attorney fees.

### JURY DEMAND

53. Plaintiff hereby demands a trial by jury on all claims that may be tried to a jury.

**PRAYER FOR RELIEF**

Plaintiff hereby prays that Defendants be cited to appear and that, upon trial, the Court enter a judgment in her favor for the following:

a) Back pay;
b) Compensatory damages;
c) Punitive damages;
d) Reinstatement and/or front pay;
e) Taxable court costs;
f) Exemplary damages;
g) Liquidated damages;
h) Prejudgment and post-judgment interest;
i) Attorney's fees; and
j) Such other and further relief to which she may show herself entitled.

Respectfully submitted,

THROCKMORTON LAW FIRM PLLC

By: */s/Connor Throckmorton*
Connor Throckmorton
TX Bar #24103965
5850 San Felipe Street, Suite 500
Houston, Texas 77057
Telephone: (713) 400-6173
Facsimile: (713) 583-8380
Email: connor@throckmortonlaw.com

***ATTORNEY FOR PLAINTIFF***