May 20, 2024

<u>*Via CM/ECF filing*</u>

HONORABLE UNITED STATES DISTRICT JUDGE MICHAEL TRUNCALE
The Jack Brooks Federal Building and United States Courthouse
300 Willow Street
Beaumont, Texas 77701

      **Re:** ***Vicki Teal v. Koch Industries, Inc., Georgia-Pacifics LLC, and Georgia-Pacific Wood Products LLC*, No. 9:23-cv-00079-MJT**
           **<u>Joint Letter Regarding Discovery Dispute</u>**

Dear Judge Truncale:

Pursuant to the Court's Amended Docket Control Order [Dkt. 55] and the instructions received from the discovery hotline on Thursday, May 16, the Parties submit this joint letter outlining a discovery dispute concerning Defendant's Responses and Objections to Plaintiff's Second Interrogatories.

<u>*Plaintiff's Position:*</u>

    **1. Identity of Custodians of Record**

Plaintiff asked in an interrogatory for Defendants to identify custodians of record for the documents and ESI they have produced in this case. Defendants objected by saying that the interrogatory was "vague, overbroad and seeks discovery of information that is not proportional or relevant to any claim or defense in this case."

Plaintiff has the right in discovery to consider matters of authentication, spoliation, and whether all responsive documents have been produced. *See U.S. v. O'Keefe*, 537 F.Supp. 2d 14, 20 (D. D.C. 2008) ("[a] piece of paper or electronically-stored information, without any indication of its creator, source, or custodian, may not be authenticated under Federal Rule of Evidence 901"). *See also Williams v. Sprint/United Mgmt. Co.*, 230 F.R.D. 640, 652-653 (D. Kan. 2005) (finding that spreadsheet metadata, including identity of individuals making changes to spreadsheets, was relevant).

The identities of the custodians of record are absolutely relevant in discovery and to the claims and defenses in this matter, especially since Defendants have indeed provided thousands of pages of documents in the form of a "document dump", which includes many duplicates, but have still not provided all documents responsive to Plaintiff's request at the time of this submission. Plaintiff has had to file two motions to compel the Defendants to provide documents, and the latest supplement of text messages and Microsoft Teams messages is expected to be done today, May 20. Moreover, Plaintiff is doing a second Rule 30(b)(6) deposition due to Defendants' representative not being prepared to testify to the search and gathering of documents responsive to Plaintiff's discovery requests. Since Defendants have already defied a discovery order from the

May 20, 2024
Page 2

first motion to compel, Plaintiff has reason to believe the corporate representative will need to be questioned about the diligence of the search after reviewing the expected incoming supplements.

Finally, when Defendants file their ritualistic motion for summary judgment, it would be prejudicial for Defendants to disclose last minute a random person to provide empty testimony to any document being a "business record" or something "held in the usual course of business" without allowing the Plaintiff the opportunity to assess the requisite personal knowledge of the individual(s).

### 2. Defendants' Net Worth

The Defendant's net worth is discoverable in this case because there are punitive damages sought by Plaintiff, and there are multiple cases in this district settling this principle.

> On the contrary, evidence of net worth, outside of tax returns, is generally "relevant, discoverable, and admissible at trial to evaluate a plaintiff's punitive damage claim." *See Wright v. Weaver*, 2009 WL 5170218, at *4 (citing *Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 137 (E.D. Tex. 2003)).

*Vine v. PLS Fin. Servs., Inc.*, No. 4:18-CV-00450, 2020 WL 408983, at *7 (E.D. Tex. Jan. 24, 2020).

> Absent authority from the Fifth Circuit or any other federal district court applying this state law to discovery in a federal diversity action, the Court declines to hold that it must first conduct an evidentiary hearing before evidence of a defendant's net worth is discoverable.

*Racer's Choice, Inc. v. Norcold, Inc.*, No. 2:17-CV-00764-JRG, 2018 WL 10150990, at *1 (E.D. Tex. July 17, 2018).

> "Courts have consistently found that evidence of a defendant's financial worth is ... discoverable ... to evaluate a plaintiff's punitive damages claim." *Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 137 (E.D. Tex. 2003)(Schell, J.). Eagle's net worth is relevant in this case because such information can be considered in determining punitive damages. *See Mid Continent Cabinetry, Inc. v. George Koch Sons, Inc.*, 130 F.R.D. 149, 151 (D. Kan. 1990). Additionally, "knowledge of [Eagle's] net worth will be of value to both sides in making a realistic appraisal of the case, and may lead to settlement and avoid protracted litigation." *Id.* at 152.

*Contreras v. KV Trucking, Inc.*, No. 4:04-CV-369, 2006 WL 8441119, at *2 (E.D. Tex. Feb. 9, 2006).

May 20, 2024
Page 3

In short, Defendants cannot withhold discoverable information at their convenience and then provide it whenever they see fit. Therefore, Defendants should be compelled to identify the custodians of record for the documents produced in discovery and disclose their net worth.

*Defendant's Position:*

**1.  Identity of Custodians of Record**

The identity of the custodians of record for every document produced – which now number over 4,300 – is not relevant nor proportional to any claim or defense in this matter. The Local Rules give guidance on what relevant to a claim or defense means:

> d) Relevant to Any Party's Claim or Defense. The following observations are provided for counsel's guidance in evaluating whether a particular piece of information is "relevant to any party's claim or defense:"
>
> (1) it includes information that would not support the disclosing parties' contentions;
>
> (2) it includes those persons who, if their potential testimony were known, might reasonably be expected to be deposed or called as a witness by any of the parties;
>
> (3) it is information that is likely to have an influence on or affect the outcome of a claim or defense;
>
> (4) it is information that deserves to be considered in the preparation, evaluation, or trial of a claim or defense; and
>
> (5) it is information that reasonable and competent counsel would consider reasonably necessary to prepare, evaluate, or try a claim or defense.

Plaintiff's interrogatory does not meet any of these criteria.  Plaintiff is not seeking information regarding a claim or defense.  Rather, Plaintiff is seeking information on who handled such information.  Custodians of records have nothing to do with any claim or defense and will have zero impact on the outcome of the case.  Plaintiff's position confirms that the interrogatory does not seek discoverable information.  Plaintiff contends that custodian information is "relevant" to Plaintiff's *discovery*, not to a *claim or defense*.  Further, Plaintiff's purported reasons for seeking the information are unpersuasive and/or misplaced.  Plaintiff's purported need for the information for authentication of documents ignores that the documents produced by Defendants are self-authenticating.  Plaintiff's purported need for the custodians' identity to question a 30(b)(6) witness on the search and gathering of documents is misplaced because that topic has already been fully explored. Judge Hawthorne's ruled that Plaintiff may ask follow-up questions that she believes were not properly answered, but agreed to an extent that the topic was fully covered.  Plaintiff did not complain about the answers and did not reserve the right to re-question on it later.  Thus, the utility of such information that in no way is relevant to a claim and will not be used at

May 20, 2024
Page 4

trial is minimal at best.  There is no doubt, however, that the burden of trying to determine the custodian for each of 4300+ documents produced significantly outweighs any negligible benefit Plaintiff may receive.  It is also not proportional to this single plaintiff employment case with limited claims. See Sullivan v. Schlumberger Limited, Civil Action 4:20-CV-00662, at *2 (E.D. Tex. July 29, 2021)("[T]he Court is not persuaded that the requested information of all employees is important in resolving the issues of this case…. The Court is also persuaded that the burden of compiling such a list outweighs any benefit [plaintiff] may receive from gathering the information because any perceived benefit is merely hypothetical.")

**2.  Net Worth**

Net worth is also not relevant to any claim or defense.  It may be relevant to the *amount* of punitive damages, if liability for same is found, and only then for Defendants' ability to pay. United HealthCare Servs. v. Synergen Health LLC, Civil Action 3:20-CV-0301-X, at *5 (N.D. Tex. Oct. 4, 2023)("United's net worth is not a factor at all in deciding any issue in this trial.")   This is a case with very limited potential for punitive damages.  Plaintiff's FMLA claim does not provide for punitive damages, only a liquidated damages amount equal to any backpay and frontpay awarded.  Plaintiff's ADA / TCHRA claim has a compensatory damages cap, which includes punitive damages, of $300,000.  Defendants offered a compromise to provide information that Defendants are able to pay out a punitive damages/liquidated damages award up to the caps, and provide net worth information if there is a punitive damages finding.  Plaintiff declined, despite having no need or ability to use net worth information prior to such a finding.  Thus, again, the burden of gathering such information outweighs any benefit that Plaintiff may gain from it prior to a punitive damages liability finding.  Plaintiff will not need to tell the jury Defendants' net worth to make out a claim for ADA/TCHRA or FMLA.  In fact, it would be highly prejudicial if she did. Id. at *4 ("evidence of [defendant]'s net worth may prejudice the jury on the issues of [defendant]'s underlying liability and compensatory damages".)

Neither of Plaintiff's requests conform with the spirit and purpose of discovery – to discover information relevant to the case, narrow the theories of the case, avoid surprise, prevent delays and conserve judicial resources.  Indeed, this is discovery and argument for argument's sake, and nothing more.

Respectfully,

Connor Throckmorton
*Attorney for Plaintiff*

Jeff Mayes
*Attorney for Defendants*